UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ADMIRAL INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No. 26-CV-1042**

**PACKERLAND WHEY PRODUCTS, INC., D/B/A FERMENTED NUTRITION CORPORATION,**

**Defendant.**

# ORDER

The plaintiff, Admiral Insurance Company, brought this action for declaratory relief against the defendant, Packerland Whey Products, Inc., d/b/a Fermented Nutrition Corporation. (ECF No. 1.) The action relates to an environmental impairment liability insurance policy with policy number FEI-EIL-26311-05 that Admiral issued to Packerland. (ECF No. 1, ¶¶ 33–39.)

Admiral properly served Packerland. (ECF No. 4.) Packerland filed a motion for an extension of time to respond to the complaint (ECF No. 7), which the Court granted (ECF No. 8). Packerland's extended deadline to respond to the complaint passed without it answering or otherwise responding. Admiral then filed an application for entry of default (ECF No. 10), and the Clerk entered default on October 7, 2026. Admiral now moves for default judgment. (ECF No. 11.)

The Court finds that it has personal jurisdiction over Packerland as it is a Wisconsin corporation with its principal place of business in Wisconsin. (ECF No. 1, ¶ 2.) The Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332. Admiral is a Delaware corporation with its principal place of business in Arizona (ECF No. 1, ¶ 1), so Admiral and Packerland are citizens of different states. And the amount in controversy exceeds $75,000. (ECF No. 1, ¶ 24.) Finally, an actual controversy exists between the parties under 28 U.S.C. § 2201. The Wisconsin Department of Natural Resources ordered Packerland to correct environmental non-compliance issues, Packerland tendered a claim to Admiral under its policy, and Admiral disputes coverage. (ECF No. 1, ¶¶ 13–23, 45); *see Aetna Casualty & Sur. Co. v. General Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992) (holding that a justiciable controversy existed where the insured made a clear demand for payment of defense and indemnity costs and the insured disputed those demands).

When a party is in default, the court accepts the plaintiff's well-pleaded allegations as true. *Schmidt v. Winnebago Cnty. Sheriff's Dep't*, No. 25-CV-783, 2026 U.S. Dist. LEXIS 3114, at *2 (E.D. Wis. Jan. 8, 2026) (citing *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016)). However, before granting default judgment, the court must determine whether those allegations establish a claim for relief. *Id.* at 2 (collecting cases).

On December 9, 2024, the Wisconsin Department of Natural Resources inspected Packerland's manufacturing facility in Luxeumburg, Wisconsin and identified hazardous waste violations. (ECF No. 1, ¶¶ 13–15.) Representatives of

Packerland attended the inspection. (ECF No. 1, ¶ 13.) On December 16, 2024, Granite Creek Capital Partners, Packerland's corporate owner (ECF No. 1, ¶ 2), submitted a renewal application on behalf of Packerland for an environmental impairment liability insurance policy. (ECF No. 1, ¶ 25.) The application asked: "During the expiring policy period, has a Scheduled Location been out of compliance with applicable federal, state, or local environmental regulations?" (ECF No. 1, ¶ 26.) Packerland answered "No." (ECF No. 1, ¶ 26.) Packerland's manufacturing site is a "Scheduled Location" under the policy. (ECF No. 1, ¶ 36.) The expiring policy period began on January 20, 2024, and ended on January 30, 2025. (ECF No. 1, ¶ 35.) At the time Packerland completed the application, Packerland knew that the Wisconsin DNR had identified hazardous waste violations at its manufacturing facility. (ECF No. 1, ¶ 31.)

Under Wis. Stat. § 631.11(1)(b), an insurer may rescind an insurance policy if a person makes a misrepresentation in an insurance policy application that they knew or should have known to be false if the misrepresentation was material and the insurer relied on it. *Pum v. Wis. Physicians Serv. Ins. Corp.*, 2007 WI App 10, ¶ 9 (Wis. Ct. App. 2006). Admiral's allegations establish these elements. Packerland knew that its manufacturing site was out of compliance with environmental regulations because of the Wisconsin DNR's inspection. Yet, Packerland falsely stated on its application that no Scheduled Location was out of compliance. Admiral relied on that statement, and it was material because Admiral would not have issued the

policy had Packerland disclosed the violations. Accepting Admiral's allegations as true, which the court must, Admiral is entitled to rescind the policy.

Admiral has only requested declaratory relief, so an evidentiary hearing is not necessary. *See N. Am. Co. for Life v. Cowan,* No. 23-CV-116, 2024 U.S. Dist. LEXIS 142783, at *4 (N.D. Ind. Aug. 12, 2024) (citing *Trs. of the Dist. Council Co. 14 Metal Polishers 401k Ret. Plan Fund v. Lawnicki*, No. 18-CV-3077, 2021 U.S. Dist. LEXIS 212929, at *6 (N.D. Ill. Feb. 2, 2021)).

**IT IS THEREFORE ORDERED** that Admiral's motion for default judgment (ECF No. 11) is **granted**.

**IT IS FURTHER ORDERED** that the environmental impairment liability insurance policy issued by Admiral to Packerland with policy number FEI-EIL-26311 is rescinded and void.

Dated at Green Bay, Wisconsin this 9th day of November, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge